**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| THE EQUAL RIGHTS CENTER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. 1:09-cv-03157 (JFM) |
| v. ) | |
| ) | |
| ABERCROMBIE & FITCH CO., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
<u>MOTION FOR RECONSIDERATION</u>**

Plaintiffs the Equal Rights Center ("ERC") and Rosemary Ciotti submit this Memorandum in support of their Motion for Reconsideration. The Court has held that, as a matter of settled law in the District of Columbia, the prudential standing limitations that the Court applied to reject the ERC's organizational standing under the ADA and various other state discrimination statutes do not apply to the District of Columbia Human Rights Act ("DCHRA"). Memorandum, Nov. 29, 2010 [Doc. 47] at 29 n.10. In tension with that holding, however, the Court included the ERC's DCHRA claim among those dismissed by Order entered November 29, 2010. [Doc. 48] Plaintiffs respectfully request that the Court clarify its Order to reinstate the ERC's DCHRA claim (Count Two), consistent with the Court's substantive holding as reflected in its accompanying Memorandum.

**I.     BACKGROUND**

The ERC filed the initial complaint in this matter against Abercrombie & Fitch *et al.* ("Defendants") on November 29, 2009. Plaintiffs amended their complaint on May 12, 2010 to

add individual Plaintiff Ciotti and several additional causes of action. The First Amended Complaint alleges that multiple features of Defendants' Hollister stores violate the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181, *et seq.* ("ADA") and numerous state statutes, including the District of Columbia Human Rights Act, D.C. Code Ann. §§ 2-1401 *et seq*. ("DCHRA").

On May 27, 2010, Defendants moved to dismiss the First Amended Complaint on standing grounds. In its November 29, 2010 ruling, the Court denied in part and granted in part Defendants' motion to dismiss. [Doc. 48] Regarding Ms. Ciotti's individual standing, the Court found in favor of the Plaintiffs. [Memorandum at 10] Regarding the ERC's standing, the Court's analysis discussed whether the ERC possessed organizational standing (*i.e*., standing in its own right) and/or associational standing (*i.e*., standing on behalf of its members). Regarding organizational standing, the Court expressly found that the ERC had met the Constitutional Article III requirements to show standing [Memorandum at 14] but that prudential limitations on standing applicable to Title III of the ADA did not allow the ERC to pursue an ADA claim on its own behalf. [Memorandum at 19] Separately, the Court found that the ERC possessed associational standing stemming from the Hollister locations where ERC members had lodged complaints about discrimination. [Memorandum at 26-7]

As a corollary to its ADA rulings, the Court held that the only state statutes under which the ERC could assert claims were the Massachusetts Public Accommodation Law, M.G.L. c.272, s.92A, and the Wisconsin Public Accommodations and Amusement Law, Wis. Stat. § 106.52, *et seq*., since these were the only states in which the ERC alleged that it had received member complaints about Defendants' stores. [Memorandum at 29] Although the Court did not explicitly analyze whether the ERC could establish *organizational* standing under the DCHRA, the Court

2

did hold that the DCHRA differs textually from the ADA and similar state statutes in that, as construed by the District of Columbia Court of Appeals, DCHRA has no prudential standing limitations. The Court nonetheless dismissed Plaintiffs' DCHRA claim for lack of standing, treating that claim like the other state law claims that the Court dismissed on grounds that the ERC lacked both organizational standing and the complaining ERC member necessary to confer associational standing in those states. This portion of the Court's ruling, Plaintiffs respectfully assert, requires reconsideration.

## II.     ARGUMENT

### A.     Legal Standard

Federal Rule of Civil Procedure 54(b) governs reconsideration of interlocutory orders and states that any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment." Accordingly, "a district court retains the power to reconsider and modify its interlocutory judgments." *American Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 514-15 (4th Cir.2003); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.1991); *Blasic v. Chugach Support Servs., Inc.*, 2010 WL 3294353, *5 (D. Md. Aug. 20, 2010). For this reason, a district court's reconsideration of an interlocutory order is not subject to the strict standards that apply to reconsideration of final judgments. *See American Canoe*, 326 F.3d at 514. Rather, the district judge may exercise discretion to modify interlocutory orders "as justice requires." *Fayetteville Investors*, 936 F.2d at 1473. The Fourth Circuit has held that reconsideration is justified where there has been a discovery of substantially different evidence, a subsequent change in the controlling applicable law, or where an earlier ruling was clearly erroneous. S*ee American Canoe*, 326 F.3d at 515 (*quoting Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir.1988)).

## B. Justice Requires Reconsideration of the Court's Dismissal of the ERC's DCHRA Claim

The DCHRA provides a cause of action to "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice." D.C. Code §2-1403.16(a). The District of Columbia Court of Appeals has expressly and repeatedly held that this language precludes the application of prudential standing limitations. S*ee e.g., Molovinsky v. Fair Employment Council of Greater Washington*, 683 A.2d 142, 146 (D.C. 1996) (holding that "standing under the DCHRA is co-extensive with standing under Article III" of the Constitution); *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp*., 749 A.2d 724, 732-33 (D.C. 2000) ("this court lacks the authority to create prudential barriers to standing under the DCHRA"). Indeed, the Court's November 29 Memorandum explicitly recognizes that prudential limitations on standing do not apply to the DCHRA. [Memorandum at 29 n.10]

Given this, the ERC should have organizational standing under the DCHRA if it meets the standing requirements of Article III of the Constitution. Here, the Court has already held that the allegations contained in the First Amended Complaint satisfy this standard. The ERC has alleged that Defendants' discriminatory practices damaged it by frustrating its mission and causing the ERC to divert resources in order to investigate member complaints. (First Am. Compl. ¶ 20) The Court held that such allegations satisfy the damages prong of the standing analysis.[1] [Memorandum at 14, *citing Havens Realty Corp v. Coleman*, 455 U.S. 363, 378 (1982); *Equal Rights Ctr. v. AvalonBay Communities, Inc*., 2009 U.S. Dist. LEXIS 25014, at *18 (D. Md. Mar. 23, 2009); *Equal Rights Center v. Camden Prop. Trust*, 2008 U.S. Dist. LEXIS

---

[1] Defendants' Motion to Dismiss did not allege that the ERC had failed to meet the two other prongs of Article III standing – causation and redressibility. [Memorandum at 11]

4

109894, at *18 (D. Md. Sept. 22, 2008)] As a result, the Court's November 29 Memorandum expressly found that the ERC possesses Article III organizational standing. [Memorandum at 14]

The ERC's Article III standing, together with the lack of any prudential standing requirements under the DCHRA that might affect the ERC's organizational standing under the Act, should have resulted in a denial of Defendants' motion to dismiss that claim.  While the Court did not address its disposition of the DCHRA claim directly, its dismissal of all state claims except for the Massachusetts and Wisconsin claims has the effect of dismissing the DCHRA claim and holding, implicitly, that the ERC did not have organizational standing under the DCHRA.  Such a holding would be erroneous under D.C. law, as the Court properly construed it.  Accordingly, Plaintiffs respectfully request that this Court reconsider and clarify this portion of its November 29 Memorandum and Order, hold that the ERC does have organizational standing to assert a cause of action under the DCHRA, and reinstate the ERC's DCHRA claim.[2]

---

[2]   In a similar case involving the ERC in the District of Columbia, a nearly identical issue was presented and resolved in Plaintiffs' favor.  In *ERC et. al v. Hilton Hotels*, the ERC brought ADA and DCHRA claims against the Hilton hotel chain.  Following a motion to dismiss for lack of standing, the Court found prudential considerations limited the ERC's standing under the ADA and, implicitly, under the DCHRA.  Following a motion to reconsider, the Court recognized that prudential standing limitations due not apply to the DCHRA and therefore reinstated that claim.  *See* Ex. 1.

### III.     CONCLUSION

For all of the foregoing reasons, Plaintiffs ask that the Court reconsider its ruling holding that the ERC did not have organizational standing to pursue a DCHRA claim and allow that claim to move forward.

December 13, 2010                              Respectfully submitted,


   /s/ Alusheyi J. Wheeler
Alusheyi J. Wheeler
Vinson & Elkins LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W.
Suite 600
Washington, D.C.  20004
Telephone: (202) 639-6500
Facsimile: (202) 639-6604
awheeler@velaw.com



Susan E. Huhta (Bar. No. 14547)
E. Elaine Gardner
Washington Lawyers' Committee for Civil Rights
    and Urban Affairs
11 Dupont Circle, N.W.; Suite 400
Washington, D.C. 20036
Telephone: (202) 319-1000
Facsimile: (202) 319-1010
Susan_Huhta@washlaw.org
Elaine_Gardner@washlaw.org

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of December, 2010, I caused a true and correct copy of the foregoing MEMORANDUM IN SUPPORT PLAINTIFFS' MOTION FOR RECONSIDERATION to be electronically served upon the following:

      Pamela A. Bresnahan
      Christie L. Iannetta
      Vorys, Sater, Seymour and Pease LLP
      1909 K Street NW, 9th Floor
      Washington, D.C.  20006


      Thomas B. Ridgley
      Mark A. Knueve
      Richard T. Miller
      Vorys, Sater, Seymour and Pease LLP
      52 East Gay Street
      P.O. Box 1008
      Columbus, OH

*Counsel for Defendants*


       /s/ Alusheyi J. Wheeler
      Alusheyi J. Wheeler