IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE EQUAL RIGHTS CENTER, et al., | * | |
| | * | |
| v. | * | Civil Case No. JFM-09-3157 |
| | * | |
| ABERCROMBIE & FITCH CO., et. al., | * | |
| | ***** | |

MEMORANDUM

On November 29, 2010, I issued an order granting in part and denying in part Abercrombie & Fitch Co.'s Motion to Dismiss. In an opinion accompanying that order, I held: that individual plaintiff Rosemary Ciotti has standing under the Americans with Disabilities Act ("ADA") to seek injunctive relief against two Hollister stores located in McLean, VA and Arlington, VA; that plaintiff Equal Rights Commission ("ERC") has associational standing under the ADA to seek injunctive relief on behalf of its members against eleven stores at which ERC members had encountered access barriers; and that ERC has associational standing under the Massachusetts Public Accommodation Law, M.G.L. c. 272, s. 92A, 98 ("MPAL") and the Wisconsin Public Accommodations and Amusement Law, Wis. Stat. § 106.52, *et seq.* ("WPAAL") to seek injunctive relief on behalf of its members against seven Hollister stores located in those states at which ERC members had encountered access barriers. I dismissed all remaining claims for lack of standing.

Now before the Court is ERC's Motion for Reconsideration. This motion challenges only the dismissal of Count Two of ERC's Amended Complaint—that is, ERC's claim arising under the District of Columbia Human Rights Act, D.C. Code Ann. §§ 2-1401, *et seq.*

("DCHRA"). Specifically, ERC contends that it possesses organizational standing to pursue its claim under the DCHRA. For the following reasons, ERC's motion will be granted.

In my memorandum opinion of November 29, 2010, I noted that ERC has alleged injuries-in-fact sufficient to satisfy the Article III standing requirements in the form of diversion of resources and frustration of its mission. (Mem. Op. at 11-14 (citing *Havens Realty Corp. v. Coleman*, 45 U.S. 363, 379 (1982).) Nonetheless, I held that ERC lacks organizational standing to seek relief for these injuries under the ADA in light of prudential limitations on standing applicable to ADA claims. (Mem. Op. at 14-19 (citing *Clark v. McDonald's Corp.*, 213 F.R.D. 198 (D.N.J. 2003).) Although I did not directly take up the question of whether ERC possessed organizational standing to assert its *state* claims, my dismissal of all remaining state claims implicitly signaled that ERC lacked organizational standing to assert these claims.[1] However, prudential standing limitations do not apply to claims brought under the DCHRA. *See Exec. Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 732 (D.C. 2000); *see also Molovinsky v. Fair Emp't Council of Greater Wash.*, 683 A.2d 142, 146 (D.C. 1996) ("[S]tanding under the DCHRA is co-extensive with standing under Article III.") While I noted this fact in footnote 10 of my memorandum opinion, inexplicably I dismissed ERC's claim asserting Count Two under the DCHRA.

In sum, since ERC has satisfied the constitutional standing requirements and since prudential standing limitations do not apply to claims brought under the DCHRA, ERC does possess organizational standing to assert claims on its own behalf under the DCHRA. Accordingly, to the extent that ADA violations at the lone A&F store in the District of

---

[1] I did address whether ERC possessed *associational* standing to assert its state claims, holding that ERC lacked such standing except as to a handful of stores in Wisconsin and Massachusetts. (Mem. Op. at 28-30.)

Columbia[2] caused ERC's alleged injuries-in-fact (namely, diversion of resources and frustration of mission), ERC is entitled to seek relief under the DCHRA.


Date:  January 31, 2011                           /s/
                                          J. Frederick Motz
                                          United States District Judge

---

[2] The store in question is located at 1208 Wisconsin Avenue, NW, Washington, DC 20007.